UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-04-43-B-W |
| | ) | |
| CLIFTON DAVIS, | ) | |
| KELVIN DELOATCH, | ) | |
| RANDY BRIMLEY, and | ) | |
| WILLIAM AHRENDT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO CONTINUE AND SPEEDY TRIAL ACT**

This case was set for consolidated trial for Defendants Davis, DeLoatch, and Ahrendt to begin June 6, 2005 to last approximately five days.  On May 11, 2005, the Grand Jury issued a Second Superseding Indictment as to the existing defendants and added a fourth defendant, Randy Brimley.[1]  On May 20, 2005, Defendant Ahrendt filed a Motion to Continue Trial arguing it is critical he be tried at the same time as Mr. Brimley and since Mr. Brimley has not had sufficient time to present a proper defense, both matters must be continued.  Defendant Davis objected, noting he has been incarcerated since April, 2004 and that he wishes to have his case resolved speedily.[2]  Following a May 24, 2005 telephone conference, this Court granted the Motion to Continue over the objection of Mr. Davis.

Given the short interval since the Second Superseding Indictment, it is beyond argument that Mr. Brimley cannot proceed to trial in June, 2005.[3]  Regarding Mr. Ahrendt's wish to be tried with Mr. Brimley, since the earliest date for Mr. Brimley's trial is likely to be September,

---

[1] A fifth defendant, Chelsea Andrews, was originally indicted on May 13, 2004 with Defendants DeLoatch and Davis; however, she pleaded guilty on April 25, 2005 and is awaiting sentencing.

[2] Mr. DeLoatch is scheduled to enter a plea of guilty on May 25, 2005 and neither took a position on the pending motion nor participated in the May 24, 2005 telephone conference.

[3] Counsel has not yet entered an appearance on behalf of Mr. Brimley.

2005, a continuance would cause no additional delay in the resolution of the Ahrendt-Brimley cases. Regardless of the inability of counsel to articulate a reason for a joint Brimley-Ahrendt trial, this Court granted Defendant Ahrendt's Motion to Continue.

This left Mr. Davis's objection, which raised the question as to whether trial should proceed in June on Mr. Davis's case alone. The Government supported the motion to continue all trials, noting this case is expected to take one week and as many as twenty to thirty witnesses, including expert witnesses, are expected to be called. In view of the length of trial and the number of witnesses to be called, it argued it would be a much more efficient use of resources to try all defendants in one trial. The Government also clarified that the delay in issuing a superseding indictment against Mr. Brimley was due to its efforts to resolve separately these charges short of indictment, efforts that failed.

After hearing argument, this Court granted Ahrendt's Motion to Continue over Davis's objection and continued the trial currently scheduled for June, including Mr. Davis's trial. After full consideration of the representations of the parties and full consideration of the record in this case, the Court hereby incorporates such representations as findings of fact. Taking into consideration the factors set forth in 18 U.S.C. § 3161(h)(8)(B), the Court can and does find that the ends of justice served by such continuance outweigh the best interests of the public and the defendant in a speedy and public trial. This Court accepts the Government's representation, a representation not disputed by the Defendants, that these cases involve substantially similar facts, would call upon testimony by the substantially the same witnesses, would involve the testimony of approximately twenty to thirty witnesses, and would take approximately one week to complete. Therefore, a second trial in September would result in a significant waste of governmental resources. Further, the anticipated period of delay would extend only until

September, 2005, a period of less than three months. Accordingly, the period from May 24, 2005 to September 7, 2005, for Defendants Ahrendt and Davis is hereby excluded from computation under the Speedy Trial Act. Nevertheless, this Court will remain vigilant to assure that these matters, including Mr. Davis's case, are speedily resolved and it expects the trial date of September 7, 2005 to be firm.

    SO ORDERED.

                                      /s/ John A. Woodcock, Jr.
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated at Bangor, Maine this 24th day of May, 2005.